We'll now take up the final case of the day. People against Lee Carson, 5-16-0461. Counsel for the appellant, you may proceed. Thank you. May I please report? Counsel? Jennifer Camden on behalf of the people. This is a state appeal from an order rescinding the defendant's statutory summary suspension. The reason given by the circuit court was that the state violated civil discovery. The state's argument appealed that there was no civil discovery violation and that, in any event, the ultimate sanction of rescission was an abuse of discretion, regardless of the threshold question of whether a discovery violation occurred. Now, one key fact binds both of those arguments and proves both of those arguments, and that is that by or before the morning of July 14, 2016, which was the day the defendant agreed that her petition to rescind statutory summary suspension could be heard, the defendant had received, in discovery, from the state, every item that she had sought in discovery. This is not a case such as People v. Cladis, where the state failed to turn something over, such as in Cladis, where the state inadvertently destroyed a tape. The defendant received everything that she sought by or before the morning of the hearing on the petition to rescind. Also, the state did not violate any discovery rule or order, and the defendant isn't arguing that the state did. And so for those reasons, in a nutshell, there was no discovery violation, and the ultimate sanction of rescission was an abuse of discretion. How much was received the morning of trial? I beg your pardon? How much of the discovery was received by defendant the morning of trial? As a percentage, I don't know. I know that some was received on some date between July 7th and July 14th in a disk because the state had tried to turn over documents in discovery on July 6th, but the disk was faulty. And then there was some amount received between July 7th and July 14th, and then on the morning of July 14th, the defense asked for the law enforcement sworn report and the, what was the other document, the warning to motorists. Those were the two documents that the defense requested and received from the state on that morning. Importantly, both of those documents had been received by the defendant herself on June 4th, the date that the citation was issued. The defense said that she wanted to compare the documents that were in the court file with the documents that she had personally received to compare them for variances. When asked if there were any variances in this case, the defense said that they were not saying that there were any variances in this case. So this isn't a case where some irregularity actually occurred. It's not as though the defendant learned something on the morning of the hearing that necessitated a wholesale revision of defense strategy. In fact, I'd also note that those two documents were both in the court file and have been on file since June 16th, 28 days prior to July 14th. It's my understanding that none of these hearings were transcribed. Is that correct? The only hearing that's transcribed is the motion to reconsider? That's correct, Your Honor. The initial hearing on July 14th was not transcribed. And I read in the brief, I believe it was, of the appellee that this was the order to rescind was written as a confessed error. Can you address that? I can, Your Honor. It's puzzling. The word confession does not appear in any court order. There's a document, the notice to the Secretary of State, which appears to have been filled out by the clerk's office. And there's a notation there, State confesses. This is addressed in the first page of the State's book library. That document, as I say, appears to have been filled out by the clerk. And it's not signed by the judge, so I don't think that it's an order. Also, I'd point out that in the proceedings on the State's motion to reconsider, there was never any mention of any confession. The State didn't mention any confession, and certainly the defendant or the court also did not mention that any confession occurred. So I don't think that the State's... Do you think that's just an error by the court? I hate to point fingers, but I don't think that it's a court order. How do you think it came about? I can't say, Your Honor. Okay. I sure don't know. There is a pretty good record of what happened at that July 14th hearing, though, because the parties discuss it. The State, in its motion to reconsider, describes what it thought had happened. And then at the hearing on that motion to reconsider, which was transcribed, the defense gives its version. And again, nobody mentioned anything about a confession. It was the defendant's argument below, and it's the defendant's argument here, that the court's rescission order on July 14th was the result of a finding of a civil discovery violation. And the court, certainly in denying the State's motion to reconsider, doubled down on that and affirmed that that was why it rescinded the SSS when it wrote in its docket that the motion was denied, violation of civil discovery. So that's how we got to where we are. Does the court have further questions about those concerns? Okay. Well, I would like to point out that the threshold question in this case... Okay. There was a motion for discovery. Yes, sir. Okay. That was a motion for misdemeanor discovery. Is that correct? Yes, sir. And you make the point that there is a difference between misdemeanor discovery and civil discovery. But as I read the cases, it appears that the distinction is that misdemeanor discovery is narrower, not the other way around, and that civil discovery actually allows for more to be discovered rather than less. So how does that help you? That's my point. How does it help you that there's a distinction between misdemeanor and civil discovery? Well, I would say that one point is that for there to be a violation of civil discovery, there needs to be a violation of civil discovery rules or an order. And here there was just... It can't all be oral, can it not? I beg your pardon, Your Honor? Civil discovery can be an oral motion, can it not? I don't know the answer to that, Your Honor. But I would point out that in this case, even if the misdemeanor motion could be read as applying to the civil proceedings as well, that motion was filed on June 16th. Now, under Rule 214, a party has 28 days at minimum, unless the court orders otherwise, to respond. And in this case, the defendant concedes that she had received every requested document by July 14th, which happens to be day 28 from filing of that document on June 16th. So I don't see the... And in fact, as I said, the state had attempted to comply back on July 6th, and there was a problem with the disk. So I don't see the untimeliness there. Where is the untimely turning over of any documents where it occurred within 28 days of the filing of the misdemeanor discovery request? As to the breadth of discovery in civil versus criminal, that really isn't an issue that came up. It's not clear what exactly the defendant was seeking beyond those two documents. The defendant obviously received something else because the defense made a record that it received more than just the warnings and the sworn report. But in any case... Has it become clear under Finley that those documents are... It spells out what can be discovered for an SSS? Yes. Certainly, there's the discovery in civil decision matters should be allowed on demand under standards applicable in misdemeanor cases. And, of course, the court can expand that if it wishes. There's no indication that the court issued any special order expanding the scope of civil discovery beyond that which would have applied under Schmidt and Finley. Again, there was only a criminal discovery motion on file. It appears that what happened in this case was that it was the state's practice to try to comply with misdemeanor discovery by the date of the filing. Or, sorry, by the date of the hearing on the SSS. And, again, it appears that the state tried to do that here and was thwarted by this faulty disk and that it remedied that. You can finish your thoughts since I've interrupted you so much. You'll have an opportunity for a rebuttal. Thank you. Your Honor, may it please the court. Counsel, Patrick Duffy, attorney for Ms. Lee Carson. May you clarify the first question about the state confesses that she... The state that, as Your Honor pointed out, until October, there was no record. I mean, there was no transcript taken from the testimony or arguments made by either myself or Mr. Quainton. The docket entry, the state confesses, I believe was done that they had not given me what I had asked for on a timely manner. Was that a docket entry by Judge Kavanaugh? I believe it was. And I don't mean any disrespect because I think he's one of the finest jurists I've ever met in front of. But reading his handwriting sometimes can be a challenge. I'm familiar with that. I can actually tell you. I've had to follow him in a file before, and I can tell you that is very challenging. It is. But, again, just a very fine judge and one I appreciate being in front of. My recollection of that, Judge, was the state confessed that they had not gotten me what I wanted by the date. I'm sorry, say that again, please. The state had confessed that they had not gotten in a timely manner what it was I wanted. And the counsel for the state stated that it's her understanding it was the law enforcement sworn report and the notice of statutory summary suspension. And that's true. I did not get those documents from the state until five minutes before we were supposed to have a hearing. I had requested those. In fact, the record shows I had requested this case be filed because I was prepared to file my entry of appearance and motion for discovery, which I did, on June the 16th. I was prepared to do that. I think it was June the 6th. My client notified me that she had been arrested. I went, tried to file it with the court's office. Sorry, we don't have it. I go back in a few days. Sorry, we don't have it. I finally go to the assistant state's attorney, and this is about 10 days into it, and go, are you folks going to file anything because the notice of statutory summary suspension I'm sorry, wrong document. The warning notice states that your license is going to be suspended 46 days from the issuance of this notice. The notice was issued June the 4th. Now, to prevent that from happening and challenging the summary suspension, I've got to get a hearing before the 46th day. I noticed in the briefs the argument was that, well, they can file this any time they want to, and then when you file your petition for rescission and summary suspension, you've got 30 days from that date for the state hearing. True. What if the state files it on day 40? What if they file it on day 50? Now my client's looking at the possibility of being arrested and possibly prosecuted for another class A misdemeanor because of the delayed filing by the state, and that's why I was anxious to get this in front of the court. Now, the first date that it was set, I told the state, fine, your disk is defective. I didn't get what I wanted. I didn't get anything. So there was a continuance that you agreed to on that date on behalf of the state? Not to pat myself on the back, but I figured it would be professionally courteous to give the state another week. Not a problem. I think the world needs an assistant state's attorney. Go ahead. So we did that. Then the morning of the hearing, just a couple of minutes, again, before we're supposed to have the hearing, I get the law enforcement's warrant report and the notice of the summary suspension. Now, the argument is that, well, my client was given those and I could have looked at them. I mentioned to the court that I have, in my 30 years of practice, seen variances, particularly in the law enforcement's warrant report, some of them innocent. I'll call it a rookie mistake on the part of the police officer. One, probably not so much. I wanted time to review that, and it was the end of a very long call. And if we had to continue the case, it would have gone to day 47 or 48. It would have been one more week. Because I wasn't looking at the 30 days from the date that I filed the motion to rescind. I'm looking at the 46 days from the date of June the 4th, when my client was notified that a license was going to be suspended. And what day was the ticket actually filed? June the 16th. So they waited 12 days. 12 days after the fact, yes. And that was the same day that I filed the petition. I had been trying to get it filed for this court. So you were keeping track of the clerk's office? I was being a pest at the courthouse, both at the clerk's office and the state's attorney's office, to get this on file, to get it moving. The argument was made that, and I think, Judge Moore, you addressed that. Under Finley, my motion, which cited people like Schmidt, was sufficient to get the information and material I wanted that was good enough to get civil discovery. Could I have gone by the route of saying, do a request to reduce Rule 237 request? Possibly. But I think what's very telling about this is, from the first hearing, where I, well, from the very first, where there wasn't anything on the file, and I'm trying to get the state to do this, then we go to the first hearing, where I agreed to continue it because the state gave me a defective disk. I don't attribute any ill will to the state's attorney's office. I'm sure it was a mistake. I don't know if those people will know if I believe that. But then we go to the second one. I still don't have what I had asked prior, well, about two or three minutes prior to the hearing. And it's not until the state files a motion to reconsider, suddenly this whole issue of, well, why didn't you file Rule 237? Why didn't you do specific civil discovery comes up. Up until that time, the State Act waived this. For want of a better term, they waived it. They said it was fine. These hearings all take place in the front of the judge, correct? Pardon? Judge Kavanagh's oversaw all of this. Yes. So there was no issue then about what had been agreed to produce. No, I don't really believe there was. To be produced. So was there, in addition to a written motion, was there an oral motion? That's not reflected in the record in any way. The memory serves me. I stood on my motion, excuse me, the motion for misdemeanor discovery that I initially filed. I didn't make an additional motion. I didn't ask for anything other than what was in the misdemeanor motion for discovery. So what was being produced was by agreement? I would say it was by the fact that I had filed the motion and the judge said give it to them. Now, one of the things counsel for the State has argued is that there was no court order. And that's true. There was no signed court order saying you shall provide the following to the defense attorney. Concise Supreme Court Rule 219C. My reading of that rule is you don't have to have a court order for there to be a violation. That court, that order, the Supreme Court rule, excuse me, is written in the disjunctives. If there is a motion for discovery, a motion for request to admit other things of that nature, and there's a violation of that, then I think the seven listed sanctions below can come into play. The way the rule is written, there is one of those or there is a court order. And that's true. There was no court order. Judge Kavanaugh's never signed a specific order saying based on my motion you will provide the prosecutor of the defense this. But I still maintain it was a violation based on the first part of that rule. I had a motion that was filed. The next thing is, was it an appropriate sanction? I believe the answer to that is yes. The reason I say that is going back to the issuance of the warning to motorists. Excuse me, the Law Enforcement's Warning Court. Just a little confused. The warning to motorists gave her 46 days to get in front of the court. We were right at a few days before the finish line, as it were, day 46, 12.01 a.m., or her license would be suspended. I didn't get to review all the documents. And if I could, I think if I could pull Judge Kavanaugh from the October hearing, and he was talking to the state, Mr. Klinger, the court. If somebody asks for the discovery of documents, I think it's irrelevant whether they have the documents or not. They're entitled to get the documents from the other party. I understand your argument, and I don't disagree with the spirit of it. But I think if somebody follows a motion of discovery, they're entitled to all of the documents. Now, I believe that was the basis for his sanction. Was it appropriate? Yes. If I can finish your point. Go ahead. Thank you, counsel. Rebecca. Thank you. If someone requests documents, they're entitled to the documents that the judge said. The defendant got the documents. She had all the documents on July 14th. The SSS was the defendant or the defendant's attorney. Beg your pardon, Your Honor? The defendant or the defendant's attorney. And isn't the defendant's attorney, upon an appropriate request for documents, entitled to get those documents? And if they don't get those documents or they get them five minutes before a hearing under 219, a circuit judge has the discretion to deal with it appropriately, including sanctions? Your Honor, if there had been a deadline that the state had missed, then there would be a discovery violation that could be sanctionable. But in this case, well, first, the ultimate sanction of rescission was not appropriate because the defendant did have these documents. And, again, the defendant's claim of prejudice is that he needed to compare them to the documents that the defendant already had. Let me ask you this. One of the appropriate sanctions under 219C is a form of default. Isn't granting the rescission a form of default? It absolutely is. But I compare this case to, and I cited this case in the brief, People v. Shambo, where rescission was held to be too harsh a penalty where the state inadvertently destroyed evidence. In this case, that didn't happen. The state turned that evidence over. And if the defendant needed more than a couple minutes to compare them to the copies that the defendant personally was served more than 30 days before, then I'm sure that the court would have obliged. The ultimate sanction of rescission is an abuse of discretion if a hearing on merits is possible, as it was here, if the party did not exhibit deliberate or contumacious conduct, as the state did not here, and where there was no prejudice. And there was no prejudice here beyond what the defendant, no claim of prejudice even, beyond what the defendant claims was this couple more minutes that was required to compare two copies of documents to see if there was some variance between them. I think that that's a fig leaf. The defendant failed to show that the state caused surprise or prejudice that would require the ultimate sanction of rescission in this case. But the circuit court, it appears to have been enough. The documents identical to those in the court file had been provided to the defense upon request more than 30 days after the DUI complaint was issued. And the point about this is that the defendant emphasizes that the SSS was set to go into effect on day 46, which would have been July 20th. The hearing was ready to go on July 14th. That was prior to the day that the SSS would have gone into effect. And by the way, the SSS statutes do not require that the hearing take place before the summary suspension goes into effect. I see why that would be preferable for the defense. But the clocks that start running in this case are these, that the issuance of the warning to motorists, which in this case happened on June 4th, started a 90-day clock running within which the defendant was obliged to file a petition to rescind. Now, obviously, the defendant met that here and then filed it on June 16th, so that was day 12. She had 90 days to do that. And the filing of that document then starts a 30-day clock running within which the hearing has to take place. Again, where is the prejudice? I understand that the defendant and defense counsel said in the court below that he tried to file the petition to rescind on June 7th. If he'd been successful in doing that, the court still would have set the hearing on the petition to rescind on July 7th, which would have been 30 days after the filing, and that was the date of the first appearance, which is the date in the statute that the statute gives as acceptable for a hearing on the petition to rescind. And that's still what happened here. The filing of the petition to rescind on June 16th triggered only the setting of that hearing less than 30 days later because of the erosion of that time on the front end, starting on June 4th. So the filing on June 16th triggered the setting of that motion for a hearing on July 7th, and the State tried to comply with discovery before that date on July 6th in an act that defendant concedes was a good-faith attempt to get the discovery to the defendant in time for a hearing. Thank you, counsel. The court will take the matter under advisement and issue a decision in due course. The court will abstain and recess for the day.